MALAGA PACKING COMPANY *v.* MARSHALL THREEFOOT ET AL.

[52 South. 209.]

SALES. *F. O. B. place of shipment. Shipper's direction as to route. Disregard of by seller. Liability.*

Where goods were sold f. o. b. at place of shipment and the seller disregarded the buyer's directions to ship them over a designated railroad and shipped them over another, the seller is liable to the buyer for any excess of freight thus incurred, but not for delay in the arrival of the goods at the point of destination in the absence of evidence showing that the wrongful routing caused delay.

FROM the circuit court of Lauderdale county.

HON. JOHN L. BUCKLEY, Judge.

Threefoot, and others, co-partners, doing business under the firm name "Threefoot Brothers & Company," appellees, were plaintiffs in the court below; the Malaga Packing Company and others, appellants, were defendants there. From a judgment in plaintiffs' favor defendants appealed to the supreme court. The facts, as stated by ANDERSON, J., were as follows:

Appellant, the Malaga Packing Company, at the time of the transaction involved in this suit, was engaged at its place of business in Malaga, Cal., in the sale of fruits. The appellees, Threefoot Bros. & Co., were wholesale grocery merchants at

Meridian, Miss.   On the 25th day of May, 1907, Threefoot Bros. & Co. bought from the Malaga Packing Company a lot of raisins, and on July 24, 1907, they bought a lot of prunes. These purchases are evidenced by written contracts, which are identical, except as to the fruits bought and the dates.   These contracts provide that the goods shall be shipped "on or before October 20, 1907," and contain this further stipulation: "Seller not liable for nondelivery of goods on this contract, if caused by destruction of packing house or other unavoidable casualties. It is further stipulated that, should seller be delayed in the fulfillment of all or any portion of this contract by strikes among employes, or inability to secure cars from Southern Pacific Railroad Company for use at Malaga, or by the elements, then the time herein fixed for the fulfillment of this contract shall be extended for a period of time equal to that lost by reason of any or all of the causes aforesaid."   The price was "f. o. b. coast common shipping points."

In compliance with these contracts as to date of shipment, the Malaga Packing Company on October 20, 1907, shipped the goods over the Santa Fé Railroad.   It is shown that the usual time between Malaga, Cal., and Meridian, Miss., under ordinary conditions, is from fifteen to twenty days.   However, this shipment did not reach Meridian until about December 2, 1907.   Threefoot Bros. & Co. show that some time before October 20, 1907, they wrote the Malaga Packing Company, directing them to make this shipment over the Southern Pacific Railroad to New Orleans, and thence by the New Orleans & Northeastern Railroad to Meridian.   This letter the Malaga Packing-Company deny receiving.   Threefoot Bros. & Co. claim that they had resold these goods to their retail customers, and on account of the delay could not carry out their contracts with them, and were damaged in the sum sued for.   There was a verdict and judgment in favor of Threefoot Bros. & Co. for $343.55, from which this appeal is prosecuted.

Testimony was introduced on behalf of the Malaga Packing

Company, which was not controverted, showing that during the months of October and November, 1907, the business on the Southern Pacific and other railroads leading out of Malaga, Cal., was so congested, and cars were so scarce, and their movement so slow, that the time of shipment between that place and points east of the Mississippi river was from forty to fifty days, and sometimes longer; that from October 3 to October 25, 1907, they were able to procure only four cars from the Southern Pacific Railroad for the shipment of goods, two of which were shipped to Memphis, Tenn., and were about forty days en route; that on October 20, 1907, when the goods in question were shipped to Threefoot Bros. & Co., and for some time prior thereto, cars could not be procured from the Southern Pacific Railroad; that in order to ship these goods within the time provided by the contract they had to cart them over two miles to the Santa Fé depot, and ship them over that railroad, the expense of which they paid themselves, amounting to about $15. There is nothing in the record to show that if these goods had been shipped over the Southern Pacific Railroad, instead of the Santa Fé, they would have reached Meridian earlier than they did. In the plaintiffs' bill of particulars of the amount sued for, is an item of $81.70, overcharge in freight. Threefoot, a member of the firm of Threefoot Bros. & Co., testified that he paid this amount of freight more than he would have been required to pay had the goods been shipped according to his directions over the Southern Pacific Railroad, instead of the Santa Fé; that, he knew the freight tariffs over that road, and the freight on these goods would have been that much less, had his routing instructions been obeyed.

*F. V. Brahan,* for appellant.

The court below erred in overruling appellant's motion to exclude appellees' evidence and to peremptorily instruct the jury to find for appellant, because there was no showing in the

contract or otherwise that appellant ever agreed to any particular route of shipment of the goods. Certainly, there was no stipulation as to what railroad the goods should be shipped by, in the contracts of May and July, 1907. It was error in the court below to have admitted the copy of a letter of September 30, 1907, which Threefoot, one of the appellees, testified that he wrote and mailed to appellant directing the route of shipment. This letter, if ever received by appellant set forth terms which were never agreed to by appellant. Appellant had the right to ship by any route open to it, on October 20, 1907; and the testimony of all the witnesses for appellant overwhelmingly shows that the Santa Fé Railroad Company was the only available route at that time, and that the rate and time in transit, was the same from California to points east of the Mississippi River at that time, and Threefoot testified that he could not deny this.

If the original contracts expressly controlled this shipment as to routing, why was it necessary for Threefoot on September 30, 1907, to write appellant as he did? The matter of routing was evidently an afterthought with the appellees, born at the time when the agent of the New Orleans &. Northeastern Railroad Company called upon Threefoot and solicited the shipment for this railroad company which was at the time the letter was written.

*Baskin & Wilbourn,* for appellees.

The cause of action for which this suit was brought is based on two contracts, one dated May 25, 1907, and the other dated July 24, 1907, in which the appellant, the Malaga Packing Company, engaged in business at Malaga, California, agreed and undertook to ship to appellees, who are wholesale merchants of the city of Meridian, certain fruit, which was by the appellee to be re-sold. It was agreed and understood in each of the two contracts that if the Malaga Packing Company should be unable

to secure cars from the Southern Pacific Railroad Company for use at Malaga, the point of shipment, together with other reasons, then the time fixed for the fulfilment of the contract might be extended. These shipments were to be made on or before October 20, 1907. On September 30, 1907, as shown by the record, appellees wrote to appellant giving directions to ship the goods over the Southern Pacific Railroad Company via New Orleans in care of the New Orleans & Northeastern Railroad Company. Appellees had the right to demand that these goods be shipped as they had directed them. They had such interest in the goods as to authorize them to direct over what route they should be shipped; and it is shown in evidence that if these goods had been shipped as directed they might possibly have arrived here in time, though shipped as late as they were.

The case of *George v. Louisville, etc., R. R. Co.,* 88 Miss. 312, is authority for appellees to direct how goods should be shipped, and, when appellant undertook to ship them over another line, without notifying appellees and without their consent, it became liable for the damages for which appellees here sue. See also *P. & R. R. Co. v. Beck,* 11 Am. St. Rep. 924; *Hand v. Baymes,* 33 Am. Dec. 54; *M. So., etc., R. R. Co. v. Day,* 71 Am. Dec. 283; *Stewart v. Transfer Co.,* 29 Am. Rep. 476; *Louisville, etc., R. R. Co. v. Odil,* 54 Am. St. Rep. 820.

ANDERSON, J., after stating the facts as above, delivered the opinion of the court.

Assuming everything to be true, favorable to appellees' case, which the testimony tends to establish, still the court should have given a peremptory charge to the jury to return a verdict for the appellants, except as to the item of $81.76, the alleged overcharge or difference in freight rates over the Southern Pacific and Santa Fé Railroads.

Undoubtedly the purchaser of goods, bought f. o. b. cars at place of shipment, has the right to direct the route over which

such goods shall be shipped.    How were Threefoot Bros. & Co. damaged by a failure on the part of the Malaga Packing Company to comply with the instructions to route these goods over the Southern Pacific Railroad?    It is clear from the testimony that the delay in transit was not caused by a violation of these instructions.    The undisputed testimony shows that the goods were shipped at the time provided for in the contract, and that at that time it was impossible to procure cars from the Southern Pacific Railroad, and the only way open to ship was over the Santa Fé.    There is not only no testimony in the case to show that the goods would have reached Meridian sooner via the Southern Pacific, but, on the contrary, the uncontradicted testimony of appellants tends to show that, had the shipment been delayed until cars could be gotten over that road, the delay would have been longer than it was.    There was no issue of fact for the jury to pass on, except the question of difference in freight. That question alone, on another trial, should be submitted to the jury.

If Threefoot Bros. & Co. instructed the Malaga Packing Company to route these goods *via* the Southern Pacific Railroad, and it failed to do it, and it is shown that the freight on the goods was more via the Santa Fé than via the Southern Pacific Railroad, then they would be entitled to recover that difference.

*Reversed and remanded.*